[Cite as *State v. Wilson*, 2012-Ohio-5980.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.    12 MA 53 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| ROBERT WILSON, III, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:           Criminal Appeal from Common Pleas
                                                            Court, Case No. 11CR1086.

JUDGMENT:                                          Affirmed.

APPEARANCES:
For Plaintiff-Appellee:                           Attorney Paul Gains
                                                            Prosecuting Attorney
                                                            Attorney Ralph Rivera
                                                            Assistant Prosecuting Attorney
                                                            21 West Boardman Street, 6th Floor
                                                            Youngstown, Ohio  44503

For Defendant-Appellant:                      Attorney John Falgiani, Jr.
                                                            8872 East Market Street
                                                            Warren, Ohio  44484

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                                            Dated:  December 14, 2012

VUKOVICH, J.

**{¶1}** Defendant-appellant Robert Wilson III appeals from his conviction and sentence entered in the Mahoning County Common Pleas Court for two counts of receiving stolen property. Appointed appellate counsel filed a no merit brief and requested leave to withdraw. A review of the case file and brief reveals that there are no appealable issues. Thus, the judgment of the trial court is hereby affirmed and counsel's motion to withdraw is granted.

## STATEMENT OF CASE

**{¶2}** Wilson was indicted for two counts of receiving stolen property in violation of R.C. 2913.51(A) and (C); the first count was a fourth-degree felony and the second count was a fifth-degree felony. The first count alleged that on September 28, 2011, Wilson retained or received Dennis Ray's, Wilson's grandmother's boyfriend, automobile, a 1999 Buick LeSabre. The second count alleged that on that same date Wilson retained or received a license plate with the number FBA 8606 that belonged to James Ferguson. 10/27/11 Indictment.

**{¶3}** Wilson originally pled not guilty to the offenses, but later entered a plea agreement with the state and changed his plea to guilty. 11/08/11 Not Guilty Plea; 01/24/12 Guilty Plea. The state agreed to recommend community control. Following a plea colloquy, the trial court accepted the guilty plea. 01/10/12 Plea Hearing.

**{¶4}** Sentencing occurred on March 1, 2012. The trial court disregarded the state's recommendation of community control, found that Wilson was not amenable to community control and that prison was consistent with the purposes of R.C. 2929.11. 03/21/12 J.E. The trial court ordered Wilson to serve an aggregate sentence of 12 months in the penitentiary. He received 12 months on each count and those sentences were ordered to be served concurrent with each other. The trial court informed Wilson that after completion of the prison term he could be subject to up to three years of postrelease control. Sentencing Tr. 6; 03/21/12 J.E. Wilson timely appealed. Counsel has filed a no merit brief asking to withdraw because there are allegedly no appealable issues.

## ANALYSIS

**{¶5}** When appellate counsel seeks to withdraw and discloses that there are no meritorious arguments for appeal, the filing is known as a no merit or an *Anders* brief. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967). In this district, it has also been called a *Toney* brief. *State v. Toney,* 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

**{¶6}** In *Toney,* this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, *pro se.*

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

\* \* \*

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

**{¶7}** The no merit brief was filed by counsel on June 18, 2012. This court informed Wilson that he had until July 26, 2012 to file "his own written brief listing any claims of error he chooses." 06/26/12 J.E. Wilson did not file a *pro se* brief. Thus, the analysis will proceed with an independent examination of the record to determine if the appeal is frivolous.

**{¶8}** The no merit brief reviews the plea and sentence. Counsel concludes that there are no appealable issues and that the appeal is frivolous. This court's independent review of the file reveals that there are potentially two possible arguments that could be made in this appeal. Each will be reviewed in turn.

PLEA

**{¶9}** Crim.R. 11(C) provides that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently and voluntarily. These advisements are typically divided into constitutional rights and nonconstitutional rights. The constitutional rights are: 1) a jury trial; 2) confrontation of witnesses against him; 3) the compulsory process for obtaining witnesses in his favor; 4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial, and 5) that the defendant cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c); *State v. Veney,* 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 19–21. The trial court must strictly comply with these requirements; if it fails to strictly comply, the defendant's plea is invalid. *Veney* at ¶ 31.

**{¶10}** The nonconstitutional rights that the defendant must be informed of are: 1) the nature of the charges; 2) the maximum penalty involved, which includes, if applicable, an advisement on postrelease control; 3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions, and 4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10–13; *State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224, ¶ 19–26 (indicating that postrelease control is a nonconstitutional advisement). For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance

means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15, quoting *Nero* at 108. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15, citing *Nero* at 108.

**{¶11}** The trial court's advisement on the constitutional rights strictly complied with Crim.R. 11(C)(2)(c). Wilson was informed that by pleading guilty he was waiving his right to a jury trial, his right to have the state prove beyond a reasonable doubt each element of the offenses, his right to confront witnesses that would be called to testify against him, his right to compel witnesses to testify on his behalf and his right to not have to testify. Plea Tr. 3-4. Following these advisements Wilson indicated that he understood that by pleading guilty he was waiving these rights. Plea Tr. 4.

**{¶12}** Likewise, the advisements on the nonconstitutional rights, substantially complied with Crim.R. 11(C). Wilson was properly advised of the charges against him, two counts of receiving stolen property. Plea Tr. 3. He was correctly advised that the maximum penalty for the fourth-degree felony receiving stolen property charge is an 18 month prison sentence and a $5,000 fine. Plea Tr. 4; R.C. 2929.14(A)(4) (maximum prison term for a fourth-degree felony); R.C. 2929.18(A)(3)(d) (maximum fine for fourth-degree felony). He was also correctly advised that the maximum penalty for the fifth-degree felony receiving stolen property charge is a 12 month prison term and a $2,500 fine. Plea Tr. 4; R.C. 2929.14(A)(5) (maximum prison term for a fifth-degree felony); R.C. 2929.18(A)(3)(e) (maximum fine for fifth-degree felony). He was correctly advised that he could be subject to up to three years of postrelease control. Plea Tr. 5; R.C. 2967.28(C). The court then advised Wilson that it could proceed immediately to sentencing after accepting the guilty plea. Plea Tr. 4. The trial court also advised him that he is eligible for a community control sanction. Plea Tr. 5. The trial court was only required under Crim.R. 11(C) to advise Wilson of his ineligibility for a community control sanction. However, since the advisement that he was eligible for a community control sanction was correct, there is no potential error. R.C. 2929.13(B). Following all of these

advisements, Wilson indicated that he understood the information that was being provided to him. Plea Tr. 4-6.

**{¶13}** Consequently, the above indicates that the plea colloquy complied with Crim.R. 11(C) and, as such, the plea was intelligently, voluntarily, and knowingly entered. There are no appealable issues concerning the plea.

## SENTENCING

**{¶14}** We review felony sentences using both the clearly and convincingly contrary to law and abuse of discretion standards of review. *State v. Gratz,* 7th Dist. No. 08MA101, 2009–Ohio–695, ¶ 8; *State v. Gray,* 7th Dist. No. 07MA156, 2008–Ohio–6591, ¶ 17. Our initial inquiry is whether the sentence is clearly and convincingly contrary to law; whether the sentencing court complied with all applicable rules and statutes in imposing the sentence. *Gratz* at ¶ 8, citing *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, ¶ 13–14. If it is not clearly and convincingly contrary to law, we must determine whether the sentencing court abused its discretion in applying the factors in R.C. 2929.11, R.C. 2929.12 and any other applicable statute. *Gratz* at ¶ 8, citing *Kalish* at ¶ 17.

**{¶15}** Here, Wilson pled guilty to the fourth-degree felony receiving stolen property charge and the fifth-degree felony receiving stolen property charge. The trial court sentenced Wilson to 12 months for each conviction and ordered the sentences to run concurrent to each other. Sentencing Tr. 6; 03/21/12 J.E. Wilson was also advised that following the prison terms he could be subject to postrelease control for up to 3 years.

**{¶16}** The sentence ordered complies in all aspects with the sentencing statutes. It is within the applicable sentencing range for the fourth and fifth-degree felonies. R.C. 2929.14(A)(4) and (5) (fourth-degree felony range is 6 to 18 months and fifth-degree felony range is 6 to 12 months). Likewise, the postrelease control advisement as to its discretionary nature and the maximum length of it is correct. R.C. 2967.28(C).

**{¶17}** Furthermore, at the sentencing hearing and in the judgment entry, the trial court indicated that it considered both R.C. 2929.11 and R.C. 2929.12 when rendering the sentence. In the Judgment Entry it stated:

The Court has considered the record, the oral statements and the pre-sentencing investigation report prepared, as well as the principles and purpose of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.

* * *

The Court believes the Defendant is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11.

03/21/12 J.E.

{¶18} The trial court made similar statements at the sentencing hearing. That said, the trial court did not state what principles and purposes under R.C. 2929.11 and what seriousness and recidivism factors under R.C. 2929.12 were applicable. However, R.C. 2929.11 and 2929.12 do not mandate judicial fact-finding. Rather, "[t]he court is merely to 'consider' the statutory factors." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42. Thus, "in exercising its discretion, a court is merely required to 'consider' the purposes of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12." *State v. Sutton,* 8th Dist. No. 97132, 2012–Ohio–1054, ¶ 11, citing *State v. Lloyd,* 11th Dist. No. 2006–L–185, 2007–Ohio–3013, ¶ 44. Therefore, since the court stated it considered R.C. 2929.11 and R.C. 2929.12 that was sufficient to comply with its duty.

{¶19} Regardless, the record does demonstrate evidence that supports not only imposing a prison term, but also the length of the prison term ordered. For instance, the presentence investigation report (PSI) reveals that Wilson has committed prior criminal offenses. As a juvenile he was put on probation for obstructing official business and disorderly conduct. As an adult he has prior convictions for receiving stolen property, theft, disrupting public service, vandalism, possession of dangerous drugs, and endangering children. Three of those offenses were felonies. The PSI also shows that in 2008 Wilson was given community control. However, within months of receiving community control, the Community Corrections Association negatively terminated the community control. In addition to his criminal record, the statement that Wilson made during sentencing does not demonstrate

remorse, rather it demonstrates his belief that the insignificant task of taking friends home justifies using, without permission, another person's property:

> Mr. Wilson: I'd like to say first of all to the court, and to you, that I apologize for everything. I have been – I mean, it was my grandfather's, you know, car and I was taking a few friends home. So I mean, I understand I shouldn't have had the car, but nothing I could do about it at the time, but he wasn't mad. When I seen him, we talked about it and everything, but he said I still shouldn't have taken it. I was taking some friends home. * * *

Plea Tr. 4.

**{¶20}** Consequently, considering his statements and the record, the court did not abuse its discretion in finding that community control sanctions were not warranted and for ordering an aggregate sentence of 12 months in prison. Furthermore, since the sentence is within the applicable sentencing range and the trial court considered the applicable statutes in determining the appropriate sentence, we find that the sentence is not clearly and convincingly contrary to law. Therefore, in regards to the sentence imposed, there are no appealable issues.

## CONCLUSION

**{¶21}** For the foregoing reasons, Wilson's conviction and sentence are hereby affirmed. As there are no appealable issues, counsel's motion to withdraw is granted.

Donofrio, J., concurs.
DeGenaro, J., concurs.